IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 2:12-00025

JERRY BOWMAN

UNITED STATES' MEMORANDUM OF LAW
IN ADVANCE OF PLEA HEARING

This memorandum reviews the application of 18 U.S.C. § 241, the provision under which defendant is charged, to vote fraud schemes.

Section 241 makes it a crime for "two or more persons to conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States." The rights protected by § 241 include the right to have one's vote counted free of dilution by other, illegally cast votes. The application of § 241 to absentee voting schemes is succinctly explained in United States v. Weston, 417 F.2d 181 (4th Cir. 1969), cert. denied, 396 U.S. 1062 (1970):

> [I]t has been established in this circuit that the procurement of absentee ballots in violation of state election laws is indictable under 241. The rationale is clear and simple. Since Ex Parte Yarborough, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed. 274 (1884), the Supreme Court has repeatedly held that the right to vote in federal elections is protected by this legislation because it is a right "secured * * * by the Constitution or laws of the United States." The right to vote necessarily includes the right to have one's vote counted and counted at its full worth. . . . Absentee ballots not cast in strict compliance with the state law dilute the influence of honest votes cast in obedience to the law. "The action pursuant to the conspiracy here charged constitutes the rendering of a return which, to some extent, falsifies the count of votes legally cast." United States v. Saylor, 322 U.S. 385, 389, 64 S.Ct. 1101, 1103, 88 L.Ed. 1341 (1944), rehearing denied, 323 U.S. 809, 65 S.Ct. 27, 89 L.Ed. 645.

Weston, 417 F.2d at 183 (citations omitted).

Section 241 applies both to primary and general elections. Anderson v. United States, 417 U.S. 211, 225-26 (1974). It also applies where, as here, both federal and local races were on the ballot but the conspirators' main purpose was to affect local races. Id. Although § 241 has been used less frequently in vote fraud cases in recent years, thanks largely to the enactment of newer provisions focused exclusively on voting, it remains an effective means of charging election crimes.

Defendant conspired to cause absentee ballots to be cast and counted illegally. He and his co-conspirators completed false absentee ballot applications so that voters who were ineligible to vote absentee could do so anyway. Stipulation of Facts, Plea Agreement Exhibit B. After those voters received their illegally obtained ballots, the conspirators visited them again to be present while they voted and tell them which candidates the conspirators preferred. Id. In some cases, the conspirators hand-delivered ballots to voters. Id.

Ballots that suffered from one or more of these defects were cast and counted illegally. See W. Va. Code §§ 3-3-1 (providing exclusive list of reasons that render voter eligible to cast an absentee ballot), 3-3-5(a) (requiring voter requesting absentee ballot to complete application in own handwriting; if voter requires assistance completing application because of illiteracy or physical disability, person providing assistance must sign own name in appropriate space on application), 3-3-5(e)(1) (requiring that absentee ballots be provided to voters by mail), 3-3-5(f) (requiring that voter mark absentee ballot alone unless voter requires assistance because of blindness, physical disability, advanced age, or inability to read or write), 3-3-6 (requiring that voters who require assistance voting absentee ballot declare the need for assistance on absentee ballot application; requiring that person providing assistance to such voter make affidavit that he will not in any manner request or seek to persuade or induce the voter to vote for any particular candidate). Following the election, several hundred absentee ballots were thrown out by a state court in an

election challenge. See Order, In re May 11, 2010 Primary Election Contest, Civ. Action No. 10-C-075 (Cir. Ct. Lincoln Co. Aug. 16, 2010) (attached as Exhibit).

By conspiring to cause illegal votes to be cast and counted, defendant conspired to "dilute the influence of honest votes cast in obedience to the law," thus violating § 241. United States v. Weston, 417 F.2d 181, 183 (1969), cert. denied, 396 U.S. 1062 (1970).

                              Respectfully submitted,

                              R. BOOTH GOODWIN II
                              United States Attorney

By:

                              s/ Steven R. Ruby
                              STEVEN R. RUBY
                              WV Bar No. 10752
                              Assistant United States Attorney
                              P.O. Box 1713
                              Charleston, WV 25326
                              Phone: 304-345-2200
                              Fax: 304-347-5104
                              E-mail: steven.ruby@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "United States' Memorandum of Law in Advance of Plea Hearing" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on March 6, 2012 to:

>Rodney A. Smith, Esquire
>Bailey & Glasser LLP
>209 Capitol Street
>Charleston, WV   25301

>s/ Steven R. Ruby
>STEVEN R. RUBY
>WV Bar No. 10752
>Assistant United States Attorney
>P.O. Box 1713
>Charleston, WV   25326
>Phone: 304-345-2200
>Fax: 304-347-5104
>E-mail: steven.ruby@usdoj.gov

EXHIBIT

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, WEST VIRGINIA

IN RE:   The May 11, 2010, Primary Election Contest:
         Democratic Nomination for Office of Circuit
         Clerk of Lincoln County, West Virginia,
         Charles Brumfield, Contestant

CIVIL ACTION NO. 10-C-075

### ORDER

This election contest was brought by Circuit Clerk Charles Brumfield challenging the 619 absentee votes that were cast in the May 2010 Democratic primary race for the office of Lincoln County Circuit Clerk.

It is undisputed that 835 applications for absentee ballot by mail were submitted to the County Clerk before the May 2010 primary. 619 absentee ballots were actually voted in the race for the nomination for Circuit Clerk.

Mr. Brumfield alleges and an examination of the applications for absentee ballot supports the fact that 207 of these ballots were not filled out entirely in the handwriting of the voter. Therefore, these ballots may not comply with the provisions of W. Va. Code 3-3-5(a). In all likelihood, this discrepancy resulted from an interpretation of the amgibuities between W. Va. Code 3-3-5(a) and 3-3-2(b)(1). Regardless, it is probable that these applications are not compliant with the West Virginia Code. These applications represent 25% of the total absentee ballot applications submitted. Based upon these applications, a total of 153 votes were cast.

The contestant also alleges that 35 applications for absentee ballot were submitted to the Clerk that gave no reason for absentee voting. The County Clerk failed to give these voters a notice of challenge and as a result 29 ballots were cast and counted based upon these defective applications.

121 applications were submitted giving the reason of personal or business travel as a basis for absentee balloting that did not provide an out of county return address as required by W. Va. Code 3-3-5. The County Clerk failed to give these voters notice of challenge with the result that 87 ballots were actually voted based upon these defective applications.

In addition, 429 ballots were requested by persons giving employment as a reason. There is a substantial likelihood that a large percentage of these applications were not proper because of ambiguities existing between the West Virginia Code, the application form produced by the West Virginia Secretary of State's office, and the written information provided by the West Virginia Secretary of State's office regarding reasons for voting absentee ballots by mail. Based upon the foregoing, it is apparent that ambiguities in the application for absentee ballot by mail produced by the West Virginia Secrtary of State and the text of information produced by the West Virginia Secretary of State regarding reasons for absentee voting resulted in a significant number of absentee ballots being cast in the May 2010 primary race for the Democratic nomination for Circuit Clerk

by voters who were not eligible to cast said absentee ballots. The parties do not dispute that at least 40 of said ballots would be determined not to be eligible.

In finding all of the above, this Court makes no finding that any person or persons acted improperly. However, based on the uncertainties described above it is hereby ORDERED that 309 of the absentee ballots in the race cast in favor of Mr. Bowman are to be disregarded and Charles Brumfield declared the winner and the County Commission of Lincoln County, West Virginia, shall act accordingly to place Charles Brumfield's name on the official ballot for the November general election for the Office of Circuit Clerk of Lincoln County, West Virginia. This order does not apply to any other case or controversy.

ENTERED this __16th__ day of August, 2010.

*/s/ H. L. Kirkpatrick III*
H. L. KIRKPATRICK, JUDGE