IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                          CRIMINAL ACTION NO. 2:12-cr-00025

JERRY BOWMAN,

        Defendant.

## ORDER

On March 7, 2012, came the United States of America, by Assistant United States Attorneys Steve Ruby and Thomas Ryan, and also came the Defendant, Jerry Bowman, in person and by his attorney, Rodney Arthur Smith for the purpose of a plea hearing pursuant to FED. R. CRIM. P. 11.

The Court inquired as to the competency of the Defendant, and based on the responses of the Defendant and the comments of his counsel, found that the Defendant is competent and capable of entering an informed plea.

Counsel for the United States previously indicated to the Court that it had entered into a plea agreement with the Defendant, which the Government then summarized during the plea hearing.  The Defendant stated in open court that he understands and agrees with the terms of the plea agreement, and that no other agreements had been made between him and the Government. The Court advised the parties that it is not bound by the stipulation contained in the plea agreement.

The Court found that the Defendant understands and agrees with the terms of the plea

agreement.

The Court **ORDERED** the plea agreement filed. The Court will not accept or reject the plea agreement at this time, but will do so only after receipt and consideration of the presentence report.

The Court confirmed that the Defendant had received and reviewed the Information in this matter with his attorney. The Defendant waived the reading of the Information. The Court advised the Defendant of the elements of the offense charged in Count One to which the Defendant proposed to enter a plea of guilty. Then the Court advised the Defendant of the minimum, if any, and maximum sentence for Count One. The Court also advised the Defendant that as part of the fine, he could be required to pay the costs of imprisonment, community confinement, or supervision. The Court also informed the Defendant of the mandatory special assessment applicable to this case.

The Court explained to the Defendant the importance of the Federal Sentencing Guidelines and inquired as to the Defendant's understanding of the advisory guidelines. The Defendant stated that he had reviewed the various factors taken into consideration by the Sentencing Guidelines with his attorney, and that he understood that a sentence would not be determined until after the United States Probation Office had prepared a presentence report. The Court noted that it has the authority to depart or vary from the Guidelines in imposing sentence.

The Court advised the Defendant of his right to have this matter presented to a Grand Jury and explained the Grand Jury process. The Defendant indicated in open court that he saw no benefit to having the case presented to the Grand Jury and no prejudice in proceeding other than by Grand Jury. The Court read the Waiver of Indictment form to the Defendant who then signed the form in open court.

The Court advised the Defendant of his right to continue to plead not guilty and maintain that plea throughout the proceedings, including at trial. The Court also informed the Defendant of the right to be represented by counsel, the right not to testify, and the right to have the Government

prove its case beyond a reasonable doubt. The Court also noted that the jury's verdict must be unanimous. The Defendant stated in open court that he understood all of these rights and understood that he would be giving up all of these rights by entering a plea of guilty. The Defendant and his counsel stated that the Defendant understood all of the consequences of pleading guilty.

Attached as an exhibit to the plea agreement is a Stipulation of Facts. The Government relied upon this Stipulation of Facts for its presentment of a factual basis for the plea. The Court took judicial notice that Lincoln County West Virginia is within the Southern District of West Virginia. The Defendant was in agreement with the Stipulation of Facts did not object to its use as a factual basis for his plea.

Whereupon, the Defendant entered a plea of GUILTY to Count One of the Information. The Defendant further executed a written plea of guilty, which was witnessed by counsel and ordered filed.

The Defendant stated that the plea was not a result of any threat, coercion or harassment and that the plea was not the result of any promises or inducement other than those contained in the plea agreement.

The Defendant further stated that his attorney had adequately represented him in this matter and that neither he nor his attorney had found any defense to the charges contained in Count One of the Information.

The Defendant stated that he was in fact guilty of the crime charged in Count One of the Information.

Based upon the Defendant's statements and the Stipulation of Facts, the Court finds that the Defendant is competent and capable of entering an informed plea, that the plea is freely and voluntarily made, that the Defendant understands the nature of the charge against him and is aware of the consequences of his plea, and that there is a factual basis for the tendered plea.  The Court **ACCEPTED** the plea of GUILTY to Count One of the Information.

The Court deferred adjudging the Defendant GUILTY until the time of sentencing.

Pursuant to U.S.S.G. § 6A1 et seq., it is hereby **ORDERED** that:

1. The Probation Office undertake a presentence investigation of the Defendant and prepare a presentence report for the Court;

2. Pursuant to FED. R. CRIM. P. 32(e)(3), the United States Probation officer is directed not to disclose to the Defendant, the Defendant's counsel, or the attorney for the Government the Probation Officer's recommendation, if any, on the sentence;

3. The Court **ORDERS** that the Probation Office prepare and forward a draft presentence report to the United States and counsel for the Defendant no later than **May 2, 2012**; that the United States Attorney and counsel for the Defendant file any objections to the draft presentence report no later than **May 16 2012**; and that the Probation Office submit a final presentence report to the Court no later than **May 30, 2012**.  The Court **SCHEDULES** final disposition of this matter for **June 13, 2012, at 10:00 a.m. in Charleston**;

4. Pursuant to United States v. Booker, 543 U.S. 220 (2005) and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), the Government and the Defendant may file a Sentencing Memorandum addressing the sentencing factors set forth in 18 U.S.C. § 3553(a) as each party believes they may pertain to this case.  The Sentencing Memorandum may also address such other matters as have not already been addressed in the form of motions or objections to the Presentence Report and may include argument as to the sentence to be imposed.  The filing of the Sentencing Memorandum is optional.  If filed, the Sentencing Memoranda shall be no more than five (5)

pages in length, unless leave is granted by the Court for additional pages and shall be filed with *and received by* the Clerk no later than **June 6, 2012**; and

    5.    The Defendant was released on a $10,000 unsecured bond.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

    ENTER:    March 7, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE